UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEMARCUS FIGGS, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs.* | ) | 1:14-cv-01090-JMS-DML |
| | ) | |
| JOHN STAFFORD, ET AL., | ) | |
|    *Defendants.* | ) | |

## ORDER

Plaintiff DeMarcus Figgs brings this civil rights action against officials at the Pendleton Correctional Facility ("Pendleton"), a prison operated by the Indiana Department of Correction. Defendants have presented as an affirmative defense their contention that Mr. Figgs failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") prior to filing this action. The burden of proof as to this defense rests on the Defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The Court held a hearing relating to the exhaustion defense on September 23, 2015. The parameters of the hearing were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). For the reasons explained in this Order, the Court finds that Defendants have failed to meet their burden of proof. Their affirmative defense that Mr. Figgs failed to comply with the exhaustion requirement of the PLRA prior to filing this action is, therefore, rejected.

### I.
### DISCUSSION

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.* However, the Seventh Circuit Court of Appeals has explained that:

> [W]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited. On the other hand, when prison officials prevent inmates from using the administrative process…the process that exists on paper becomes unavailable in reality.

*Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Court notes that the testimony of Mr. Figgs and of Wayne Scaife, the Community Services Director at Pendleton at the time Mr. Figgs filed his initial grievance, do not necessarily conflict, and that the Court found both individuals to be credible witnesses. The Court has considered and weighed the evidence concerning the efforts Mr. Figgs made to utilize the administrative remedies process and the evidence concerning how grievances or grievance appeals are delivered to the appropriate individual at Pendleton, how they are processed, and how they are tracked. The Court credits Mr. Figgs' account, and the evidence supporting that account, and finds that he

did everything within his ability to exhaust his administrative remedies. Specifically, the Court finds that:

- On June 29, 2012, Mr. Figgs completed an Offender Grievance Form that was assigned the number 72194 ("Grievance 72194"). In Grievance 72194, Mr. Figgs complained regarding treatment he had allegedly received from several correctional officers in an incident that same day.

- Mr. Scaife received Grievance 72194 on July 11, 2012, and it was logged into Pendleton's Offender Grievance Evaluation System ("OGRE"), which is a computer-based system.

- Mr. Scaife responded to Grievance 72194 on July 25, 2012. The response stated: "Due to the seriousness of these allegations, I am sending this incident to Internal Affairs to have them look into this matter. At this time, this is the only relief that I can offer you at this time. You may appeal this response."

- Mr. Figgs received the response to Grievance 72194, and requested an appeal form a few days later. At that time, Mr. Figgs was in segregation, and offender mail was collected from individuals in segregation by a correctional officer. Mr. Figgs handed his request for an appeal form to the correctional officer who was collecting mail for the offender mail system. A few days later, he received an appeal form from Mr. Scaife.

- Shortly thereafter, Mr. Figgs completed the appeal form while still in segregation, and handed it to a correctional officer who was collecting mail for the offender mail system.

- Some of the correctional officers about whom Mr. Figgs complained in Grievance 72194 were involved in the process of picking up and delivering offender mail at Pendleton.

- Mr. Figgs never received an acknowledgement from Mr. Scaife that his appeal had been received, and never received a response to his appeal. He then wrote to Mr. Scaife regarding the status of his appeal, but received no response.

- Receipt of appeals are tracked in the OGRE system. While Mr. Scaife did not find reference to Mr. Figgs' appeal on OGRE, that system would not indicate whether Mr. Figgs submitted an appeal through offender mail, but only whether Mr. Scaife received it. Accordingly, the absence of an entry on OGRE reflecting Mr. Figgs' appeal is not significant.

- The Court credits Mr. Figgs' testimony that he filled out an appeal form and handed it to the correctional officer in charge of picking up offender mail. It is most likely that if the appeals process was disrupted, that disruption occurred

with the delivery of the appeal form to Mr. Scaife. The Court finds it significant that, as discussed above, some of the corrections officers about which Mr. Figgs complained were involved in the mail pick-up and delivery process and that his complaints of their harassment resulted in his transfer to another facility. The DOC would do well to eliminate this potential conflict in the mail system.

## II.
### CONCLUSION

Based on these findings, the Court concludes that Defendants have not sustained their burden of showing that Mr. Figgs failed to comply with the exhaustion requirement of the PLRA. Accordingly, the affirmative defense of failure to exhaust is **REJECTED** and the case will proceed. The Court requests the magistrate judge issue an order setting an initial pre-trial conference and requiring the filing of a case management plan.

Date: September 25, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**